FILED

JAN 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50056 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00236-CAS-3 |
| v. | |
| RAMIRO CISNEROS-HERNANDEZ, AKA Arturo Hernandez-Duran, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 10, 2014[**]
Pasadena, California

Before: PREGERSON, NOONAN, and WARDLAW, Circuit Judges.

Ramiro Cisneros-Hernandez ("Cisneros-Hernandez") appeals his

convictions for conspiracy to import at least 100 kilograms of marijuana,

importation of at least 100 kilograms of marijuana, and possession with intent to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribute at least 100 kilograms of marijuana. Cisneros-Hernandez contends that the district court erred by denying his motion to suppress his Mirandized post-arrest statements, and that the error was not harmless. We have jurisdiction under 28 U.S.C. § 1291. Because the district court correctly denied the motion to suppress, we affirm the conviction.

Given his physical and mental state after being shipwrecked on San Nicolas Island[1] for three days, the interrogation at the United States Navy facility on the island, and the alleged use of handcuffs during the interrogation, Cisneros-Hernandez argues that he involuntarily waived his *Miranda* rights. The voluntariness of a waiver of *Miranda* rights is reviewed de novo. *United States v. Jennings*, 515 F.3d 980, 986 (9th Cir. 2008). The district court's underlying factual findings are reviewed for clear error. *United States v. Doe*, 155 F.3d 1070, 1074 (9th Cir. 1998).

To determine whether a confession was voluntary, we focus on "'whether the defendant's will was overborne by the circumstances surrounding the giving of the confession,' an inquiry that 'takes into consideration the totality of all the

---

[1] San Nicolas island is a remote island in the Channel Islands Chain, located off the coast of Ventura County, California. It is exclusively occupied by the United States Navy. The island is a secured military facility and only authorized personnel are permitted on the island.

2

surrounding circumstances—both the characteristics of the accused and the details of the interrogation.'" *United States v. Preston*, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc) (alterations omitted) (quoting *Dickerson v. United States*, 530 U.S. 428, 434 (2000)). These factors and "'all of the surrounding circumstances—the duration and conditions of detention (if the confessor has been detained), the manifest attitude of the police toward him, his physical and mental state, the diverse pressures which sap or sustain his powers of resistance and self-control—[are] relevant.'" *Id*. (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)).

Considering the totality of the circumstances, Cisneros-Hernandez's will was not overborne. First, there is no evidence that law enforcement officers threatened or coerced Cisneros-Hernandez. Cisneros-Hernandez testified that he felt he had no choice but to answer all the questions during his interrogation because he said an unidentified federal agent told him he would go "to prison for life" if he did not cooperate. The district court found this statement incredible, however, because during the suppression hearing Cisneros-Hernandez "was unable to recall the details of this alleged incident and much of what he did remember conflicted with his sworn declaration." Because there is no reliable evidence to support Cisneros-Hernandez's contention that his statements had been coerced by

3

the unknown agent's threats, the district court's factual finding is not clearly erroneous. *See Doe*, 155 F.3d at 1074.

On the contrary, rather than being coercive, the two Department of Homeland Security ("DHS") agents who interviewed Cisneros-Hernandez spoke calmly and professionally throughout the interview. The interview was conducted by those two agents only. The interrogation was kept brief at approximately one hour. Moreover, although he contends otherwise, Cisneros-Hernandez was not held incommunicado. The agents advised Cisneros-Hernandez, a Mexican citizen, that he could contact the Mexican Consulate or an attorney at anytime, yet he affirmatively declined to do so.

Second, the physical and emotional ordeal Cisneros-Hernandez had endured did not render his *Miranda* waiver and confession involuntary. Before he was interviewed, Cisneros-Hernandez was given food, water, a blanket, and a place to sleep for several hours in a heated room. Medical personnel cleared him for questioning. One of the two interrogating DHS agents—who is also an Emergency Medical Technician—checked Cisneros-Hernandez again and found that he appeared to be in good condition; did not exhibit signs of dehydration or confusion; and was cooperative, coherent, and responsive to questioning.

Third, although Cisneros-Hernandez argues that he should have been taken

4

to the mainland for questioning, there was good reason for the DHS agents to interrogate him on the island: the agents went to the island to find and collect evidence of possible drug smuggling and to determine whether there were any other people on the island involved in the alleged crime. It was therefore important to question Cisneros-Hernandez at the scene with minimal delay.

Finally, considering the totality of the circumstances, the alleged use of handcuffs did not render the interrogation unduly coercive. The parties contest whether Cisneros-Hernandez was handcuffed during the interview. Assuming Cisneros-Hernandez was handcuffed, he had free movement of his hands and he was able to eat trail mix and drink several cups of coffee during the interview. Moreover, he had previous experience with law enforcement and with being handcuffed. Although Cisneros-Hernandez acknowledged that he had prior experience being handcuffed, he testified that the reason the handcuffs concerned him during the interrogation on San Nicolas Island was the presence of the United States Navy. Yet, he contradicted this statement when he testified that the United States Navy personnel treated him well, gave him food and water, and were "well behaved." Because Cisneros-Hernandez had free use of his hands, had prior experience being handcuffed, and admitted that he had no reason to be concerned for his safety, the alleged use of handcuffs did not render the interrogation

5

coercive. *See Greenawalt v. Ricketts*, 943 F.2d 1020, 1027 (9th Cir. 1991) (finding no coercive police activity where *Miranda* wavier was obtained from a handcuffed defendant whose restraints were loosened upon his request, who had previous experience with the police, and who was not treated roughly).

Considering the totality of the circumstances, Cisneros-Hernandez's will was not overborne and his waiver and confession were voluntary. He was not threatened by the DHS agents, but was instead given food, water, medical treatment, a blanket, and a place to rest for several hours before being interrogated. The agents were polite; the interview was brief; and Cisneros-Hernandez knew he could contact an attorney or the Mexican Consulate if he wanted assistance. He also had previous experience with law enforcement in which he was handcuffed. Thus, the district court did not err in denying Cisneros-Hernandez's motion to suppress.

Because we find Cisneros-Hernandez voluntarily waived his *Miranda* rights, we affirm the district court's denial of the motion to suppress and affirm the conviction.

**AFFIRMED.**